1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD CATHERINE,                       No.  2:16-cv-0878 MCE CKD PS

12                  Plaintiff,

13        v.                                  ORDER AND

14   WELLS FARGO BANK, NA,                    FINDINGS AND RECOMMENDATIONS

15                  Defendant.

16

17        Defendant's motion to dismiss came on regularly for hearing on July 20, 2016.  Plaintiff

18   Donald Catherine appeared in propria persona.  Melissa Shaw appeared telephonically for

19   defendant Wells Fargo.  No appearance was made for defendant Clear Recon Corp.  Upon review

20   of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel,

21   and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

22        In this action, plaintiff alleges claims arising out of a secured loan in the amount of

23   $253,000 made by World Savings Bank (defendant Wells Fargo's predecessor in interest) to

24   plaintiff in 2004.  Plaintiff received a modification of the loan in 2010 and stopped making

25   payments in June 2014.  Notice of default was recorded on December 30, 2015.

26        Plaintiff alleges four causes of action:  (1) failure to validate the debt under the Fair Debt

27   Collections Practices Act ("FDCPA"), (2) dual tracking, (3) denial of mortgage assistance, and

28   (4) misrepresentation.  Defendant Wells Fargo moves to dismiss for failure to state a claim.  The

1

1   gravamen of plaintiff's argument in opposition is that defendant has refused to "verify" the

2   mortgage debt.

3       In considering a motion to dismiss for failure to state a claim upon which relief can be

4   granted, the court must accept as true the allegations of the complaint in question, Erickson v.

5   Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the

6   plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

7       In order to avoid dismissal for failure to state a claim a complaint must contain more than

8   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

9   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

10  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

12  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

15  at 678.

16      A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's

17  compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a

18  claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b),

19  which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must

20  state with particularity the circumstances constituting fraud or mistake.  Malice, intent,

21  knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

22  9(b).  These circumstances include the "'time, place, and specific content of the false

23  representations as well as the identities of the parties to the misrepresentations.'" Swartz v.

24  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park,

25  Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120,

26  1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

27  where, and how' of the misconduct charged").  "Rule 9(b) demands that the circumstances

28  constituting the alleged fraud be specific enough to give defendants notice of the particular

2

1   misconduct . . . so that they can defend against the charge and not just deny that they have done

2   anything wrong." Kearns, 567 F.3d at 1124.

3       In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider

4   only allegations contained in the pleadings, exhibits attached to the complaint, and matters

5   properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d

6   895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents.

7   ECF No. 6-1. That request will be granted.

8       Defendant contends that plaintiff's claim under the FDCPA cannot lie because defendant

9   is not a debt collector subject to the provisions of the Act. Defendant is correct. It appears that

10  plaintiff is claiming in the first cause of action that defendant Wells Fargo is engaging in unlawful

11  foreclosure proceedings because Wells Fargo has not verified the debt and that such conduct

12  violates the FDCPA. The definition of debt collector under the FDCPA does not include the

13  consumer's creditors, a mortgage servicing company, or assignees of the debt. See Lal v. Am.

14  Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); see also 15 U.S.C. §

15  1692a(6)(F) (debt collector does not include person who attempts to collect a debt to the extent

16  such activity concerns a debt which was not in default at the time it was obtained by such

17  person).[1] As such, defendant Wells Fargo is not subject to the provisions of the FDCPA and

18  plaintiff's first cause of action should be dismissed.

19      Plaintiff's second claim for relief alleges that defendant engaged in unlawful dual

20  tracking. This cause of action as presently pled fails to set forth any specifics regarding the claim

21  such as whether plaintiff submitted a loan modification application, the date of the application

22  and its current status, and whether there was a recorded notice of trustee's sale. Moreover,

23  plaintiff was already afforded a loan modification in 2010. Def. Exh. E. Under California Code

24  of Civil Procedure section 2923.6(c), (g), the protection against dual tracking is inapplicable to

---

[1] At oral argument, plaintiff asserted that the loan at issue was in default at the time defendant
Wells Fargo acquired the loan. However, defendant Wells Fargo is attempting to collect a debt
originated by World Savings, which it succeeded by merger. See Defendant's request for judicial
notice, ECF No. 6-1. Defendant therefore stands in the shoes of World Savings as a creditor, not
a debt collector subject to the FDCPA. See Esquivel v. Bank of America, 2013 WL 682925 at *2
(E.D. Cal. 2013); Gallegos v. Wells Fargo Bank, N.A., 2013 WL 3166389 at *4.

plaintiff because of the prior modification.  Plaintiff raises no argument in his opposition which suggests he can cure the deficiencies in this claim.  The second cause of action should therefore be dismissed.

In the third cause of action, plaintiff alleges an amorphous claim for denial of mortgage assistance.  Plaintiff sets forth no facts in support of this claim and plaintiff's opposition does not clarify this claim.  To the extent plaintiff is claiming that defendant failed to produce requested documents during a loan modification process and was thus wrongfully denied a modification, there is no right to a loan modification in the first instance.  Cal. Civ. Code § 2923.4; see Mabry v. Sup. Ct., 185 Cal. App. 4th 208 (2010).  It does not appear plaintiff can cure this claim by amendment.

Finally, in the fourth cause of action, plaintiff alleges misrepresentation, contending that he was given conflicting information.  Plaintiff's allegations do not meet the specificity pleading requirements of Federal Rule of Civil Procedure 9(b).  In a conclusory fashion, plaintiff alleges that he was given conflicting information by defendant Wells Fargo regarding a HAMP mortgage modification.  Plaintiff sets forth none of the "who, what, when, where, and how" of the misconduct giving rise to misrepresentation claim.  Plaintiff presents no argument indicating that he could cure these deficiencies or which would suggest amendment of this claim would be anything other than futile.

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 6-1) is granted; and

IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to dismiss (ECF No. 6) be granted without leave to amend; and

2.  Defendant Wells Fargo be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

<u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 22, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 catherine0878 .57

5