UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CATHERINE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A., et al.;<br>CLEAR RECON CORP,<br><br>    Defendants. | No.  2:16-cv-00878-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On April 4, 2016, Plaintiff Donald Catherine ("Plaintiff"), proceeding in pro se, filed this action in state court against Wells Fargo Bank N.A. ("Wells Fargo") and Clear Recon Corp. ("Clear Recon").  Plaintiff's Complaint alleges that Defendant Clear Recon proceeded with foreclosure proceedings against Plaintiff's home in violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.  ("FDCPA"). Defendant Wells Fargo was dismissed from Plaintiff's lawsuit by Order filed August 22, 2016.   That same day, Plaintiff filed the Motion for Temporary Restraining Order now before the Court.  Although styled as a Motion for Preliminary Injunction, the body of Plaintiff's motion makes clear that he requests a temporary restraining order to prevent a foreclosure sale which, according to the TRO Checklist filed along with the motion, is set to occur on August 25, 2016.  Consequently, the Court will treat Plaintiff's Motion as a

1

Motion for Temporary Restraining Order. Given Plaintiff's representation that he called counsel for Clear Recon, left a message, and subsequently faxed the Motion and supporting documents to Clear Recon's counsel, it appears that actual notice of this Motion has been provided to Clear Recon.

As set forth below, Plaintiff's Motion is GRANTED.

## BACKGROUND[1]

According to Plaintiff's Complaint, Defendant Clear Recon was appointed by Wells Fargo as Trustee on the mortgage taken out by Plaintiff on his home located in Sacramento, California.  Clear Recon has since moved to foreclose on the mortgage because Plaintiff has allegedly defaulted on the mortgage obligation, which Clear Recon alleged totaled some $235,330.31 as of October 26, 2015.  Plaintiff alleges that while he was advised of his right to request a debt validation by letter from Clear Recon dated October 26, 2015, Clear Recon has never complied with that request despite the fact that its own correspondence confirms that it will "cease collection of the debt" until such verification was provided.  As indicated above, a Trustee's Sale on Plaintiff's property is currently set for August 25, 2016.

## STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing

---

[1] The allegations in this section are drawn directly from Plaintiff's Motion and its supporting documentation.

irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

      Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

      The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

      Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

///
///
///
///

## ANALYSIS

Although this action was commenced on April 27, 2016, Defendant Clear Recon has never filed a formal responsive pleading.  Instead, it has submitted only a Declaration of Non-Monetary Status alleging that it has been named as a defendant solely because of its role as Trustee under Plaintiff's Deed of Trust, and "not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."  ECF No. 16, filed July 20, 2016, ¶ 2.  Nonetheless, as indicated above, Plaintiff claims that Clear Recon's own correspondence confirms it was required to cease collection of Plaintiff's debt in the event Plaintiff disputed his mortgage debt and requested validation of same.  The same correspondence further suggests that Clear Recon's activities "may be considered as an attempt by a debt collector to collect a consumer debt."  Despite the Declaration of Non-Monetary Status, by Order filed August 4, 2016, the assigned Magistrate Judge required Clear Recon to file a responsive pleading by September 9, 2016.

The FDCPA, at 28 U.S.C. § 1692g(a)(4), requires that a debt collector provide a Debt Validation Notice advising the debtor that if he disputes the alleged debt, the "debt collector will obtain verification of the debt… and a copy of such verification…. will be mailed to the consumer."   According to Plaintiff's Motion, Clear Recon's letter of August 26, 2015 was specifically denominated as providing that Notice.  Moreover, the statute goes on to provide, consistent with Clear Recon's letter,  that if the debtor notifies the debt collector in writing that he disputes the debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt…"  28 U.S.C. § 1692g(b).

Plaintiff alleges that although he timely disputed the debt as identified in Clear Recon's August 26, 2016 correspondence, Clear Recon has neither provided the required verification nor stopped foreclosure proceedings on his home.  As indicated above, a Trustee's Sale of the property is now set for August 25, 2016.

4

In the absence of any information otherwise from Clear Recon, the Court must assume that Plaintiff's allegations are well-founded and consequently that he has demonstrated a likelihood of success on the merits sufficient to justify, at this time, a temporary restraining order.  The Court's finding in that regard is nonetheless based only on the evidence and allegations before it and is made without Clear Recon's version of events.  This Temporary Restraining Order is being granted only to afford all parties an opportunity to be heard prior to any Trustee's Sale on Plaintiff's property.

Having determined a likelihood of success at this time based on the current posture of this matter, the Court notes that Plaintiff has also satisfied the remaining factors of the preliminary injunction standard.  He adequately demonstrated the requisite irreparable harm by alleging that if the foreclosure proceeds he will lose his home of many years.  Further, the balance of equities tips in Plaintiffs' favor as a TRO in this instance merely delays Clear Recon's right to foreclose until all parties have been given an opportunity to be heard.   As indicated above, Clear Recon's responsive pleading is due on September 9, 2016 and Plaintiff's motion asks the court to issue an order requiring Clear Recon to cease and desist from its collections and foreclosure activity until after that time.  Finally, an injunction is in the public's interest as it is being issued to assure compliance with the FDCPA, a law designed to protect the public.

## CONCLUSION

For all the above reasons, the Court GRANTS Plaintiff's Motion (ECF No. 27), which it treats as a  Motion for Temporary Restraining Order despite being styled by Plaintiff as a Motion for Preliminary Injunction.

A hearing on the issuance of a preliminary injunction is set for **September 22, 2016 at 2:00 p.m. in Courtroom No. 7**.   Defendant Clear Recon and its agents, servants, employees and representatives, are ordered to show cause at that hearing why they should not be enjoined from continuing to foreclose on Plaintiff's real property

located at 11 Milan Court, Sacramento, California  95831 during the pendency of this lawsuit.  In the meantime, pending that hearing and determination of preliminary injunction, Defendant Clear Recon, along with its officers, agents, employees, representatives and all persons acting in concert or participating with it, are restrained from engaging in or performing directly or indirectly any of the following acts: advertising, selling, transferring, conveying, foreclosing upon, evicting or any other conduct adverse to Plaintiff regarding his real property located at 11 Milan Court, Sacramento, California  95831.

Plaintiff's opening brief in support of preliminary injunction is due on **September 2, 2016**.  Opposition by Defendant Clear Recon, if any, must be submitted not later than **September 12, 2016** and Plaintiff's deadline for filing a reply is **September 19, 2016**.

The affected parties may apply to the Court for modifications/dissolution of this temporary restraining order on two (2) days' notice or upon such shorter notice as the Court may allow.  See Local Rule 231(c)(8), Fed. R. Civ. P. 65(b).  No bond shall be required.

IT IS SO ORDERED.

Dated:  August 23, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6