1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD CATHERINE,                        No.  2:16-cv-0878 MCE CKD PS

12                Plaintiff,

13        v.                                  ORDER AND

14   WELLS FARGO, et al.,                     FINDINGS AND RECOMMENDATIONS

15                Defendants.

16

17        The motion to dismiss of Clear Recon Corp. came on regularly for hearing on October 12,

18   2016.  Plaintiff Donald Catherine appeared in propria persona.  No appearance was made for

19   defendant Clear Recon Corp.[1]  Upon review of the documents in support and opposition, upon

20   hearing the arguments of plaintiff, and good cause appearing therefor, THE COURT FINDS AS

21   FOLLOWS:

22        In this action, plaintiff alleges claims arising out of a secured loan in the amount of

23   $253,000 made by World Savings Bank (defendant Wells Fargo's predecessor in interest) to

24   plaintiff in 2004.  Plaintiff received a modification of the loan in 2010 and stopped making

25   payments in June 2014.  Notice of default was recorded on December 30, 2015.

26

27   _____

[1]  After the hearing, the courtroom deputy was contacted by Genail Anderson, counsel for
     defendant.  Counsel Anderson indicated that she had attempted to make a telephonic appearance
28   but did so belatedly and was therefore unable to timely make contact with the court.

                                              1

1    Plaintiff alleges four causes of action:  (1) failure to validate the debt under the Fair Debt

2    Collections Practices Act ("FDCPA"), (2) dual tracking, (3) denial of mortgage assistance, and

3    (4) misrepresentation.  Defendant Clear Recon Corp. moves to dismiss for failure to state a

4    claim.[2]

5    In considering a motion to dismiss for failure to state a claim upon which relief can be

6    granted, the court must accept as true the allegations of the complaint in question, Erickson v.

7    Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the

8    plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

9    In order to avoid dismissal for failure to state a claim a complaint must contain more than

10   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

14   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

15   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

17   at 678.

18   A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's

19   compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a

20   claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b),

21   which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must

22   state with particularity the circumstances constituting fraud or mistake.  Malice, intent,

23   knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.

24   9(b).  These circumstances include the "'time, place, and specific content of the false

25   representations as well as the identities of the parties to the misrepresentations.'"  Swartz v.

26   ─────────────────
[2]  The undersigned previously recommended that the motion to dismiss of defendant Wells Fargo
27   be granted.  ECF No. 17.  That recommendation was adopted by the District Court on August 22,
     2016.  ECF No. 25.  The only remaining defendant is Clear Recon Corp., the duly authorized
28   trustee or substitute trustee under the deed of trust which is the subject of this action.  ECF No.
     16.

1   KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park,

2   Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120,

3   1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

4   where, and how' of the misconduct charged").  "Rule 9(b) demands that the circumstances

5   constituting the alleged fraud be specific enough to give defendants notice of the particular

6   misconduct . . . so that they can defend against the charge and not just deny that they have done

7   anything wrong."  Kearns, 567 F.3d at 1124.

8         In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider

9   only allegations contained in the pleadings, exhibits attached to the complaint, and matters

10  properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d

11  895, 899 (9th Cir. 2007).  Defendant has requested this court take judicial notice of documents.

12  ECF No. 6-1.  That request will be granted.

13        Defendant contends that plaintiff's claim under the FDCPA cannot lie because the only

14  action challenged here, a nonjudicial foreclosure, does not constitute debt collection within the

15  meaning of the FDCPA.  This contention is correct.  See Saldate v. Wilshire Credit Corp., 711

16  F.Supp.2d 1126, 1132 (E.D. Cal. 2010) (foreclosing on a property pursuant to a deed of trust is

17  not debt collection within the meaning of FDCPA).  Moreover, even if defendant is considered to

18  be a debt collector subject to the FDCPA, the only action plaintiff complains of is that the debt

19  was not verified.  The exhibits attached to the complaint, however, demonstrate that plaintiff was

20  provided verification of the debt.  ECF No. 1 at p. 26 (Complaint, Exh. 10).  See Clark v. Capital

21  Credit & Collection Services, 460 F.3d 1162, 1174 (9th Cir. 2006) (debt collector may reasonably

22  rely upon information provided by creditor and has no duty to investigate independently the

23  creditor's claim); see also 15 U.S.C. § 1692g (debt collector complies with verification by

24  providing name and address of original creditor).  Plaintiff's first cause of action against

25  defendant Clear Recon Corp. should therefore be dismissed.

26        Plaintiff's remaining claims are brought against the previously dismissed defendant Wells

27  Fargo.  The claims for dual tracking, denial of mortgage assistance, and misrepresentation allege

28  no allegations against defendant Clear Recon Corp, which is simply a foreclosure trustee.  As

1    noted in the prior findings and recommendations on Wells Fargo's motion to dismiss, under

2    California Code of Civil Procedure 2923.6(c), (g), the protection against dual tracking is

3    inapplicable to plaintiff because of the prior modification.  There is no right to a loan

4    modification in the first instance.  Cal. Civ. Code § 2923.4; see Mabry v. Sup. Ct., 185 Cal. App.

5    4th 208 (2010).  Plaintiff's allegations do not meet the specificity pleading requirements of

6    Federal Rule of Civil Procedure 9(b).  Plaintiff's opposition and briefing filed throughout this

7    litigation do not suggest he could cure any of the deficiencies evident in the complaint.  Because

8    it appears amendment would be futile, the motion to dismiss should be granted with prejudice.

9           Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice

10   (ECF No. 33) is granted; and

11          IT IS HEREBY RECOMMENDED that:

12          1.  The motion to dismiss (ECF No. 34) be granted without leave to amend; and

13          2.  This action be closed.

14          These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

19   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

20   Ylst, 951 F.2d 1153 (9th Cir. 1991).

21   Dated:  October 13, 2016

22                                                          _____
                                                            CAROLYN K. DELANEY
23                                                          UNITED STATES MAGISTRATE JUDGE

24

25   4 catherine0878.2.57

26

27

28

                                                      4